HENRY R. HAYES, administrator c. t. a. of
JOHN HAYES, SR., deceased,

*vs.*

JOHN HAYES, JR.

*New Castle, Feb. T 1866.*

After a failure of the defendant to satisfy a decree, and when an attachment to
compel such performance has been ineffectual, the Court of Chancery has
power to sequester a *chose* in action belonging to the defendant.

The practice in cases of sequestration of rights and credits should be analagous,
as nearly as may be, to proceedings under the attachment law.

WRIT OF SEQUESTRATION :—A decree having been
entered in this cause, February 19, 1857, and not having

been performed by the defendant, and an attachment, issued to compel the performance of the decree, having proved ineffectual, *G. B. Rodney,* for the complainant, having read an affidavit setting forth the facts upon which the application proceeded, moved for a writ of sequestration in order to make available a debt due to the defendant by a resident of this State.

THE CHANCELLOR :—

I have no hesitation in granting the order, and will make it expressly apply to "rights and credits" so that no doubt may arise from the form of the order and writ as to the power of the Court, in a proper case, to sequester a *chose* in action. Indeed, I have no doubt as to the existence of the power, though to make the sequestration effectual in some cases, a bill against the debtor may be necessary.

After the proper direction in the order for the issuing of the writ, there should be added a clause, enjoining all all persons having in their hands or possession any property, rights or credits belonging to the defendant. This will be made effectual by service of a certified copy of the order on the person in whose hands the property or debts may be.

On the return of the writ, the sheriff will specify the debts sequestered, and that he has summoned the debtor. If the latter answers, admitting the debt, his answer, and the order of the Court upon it, will make the sequestration effectual ; if he disputes the debt, it can be reached by a bill. This will give us a plain and effectual practice, analogous, as nearly as may be, to the proceedings under the attachment law. The plaintiff is entitled to the sequestration upon the record as it stands ; and I therefore doubt the expediency of filing an affidavit, as it may make doubtful the ground on which the writ issues. This is only of consequence as affecting the certainty of the practice, as shown by the case hereafter.

As a general thing, it is satisfactory on questions of practice, that the record show the precise grounds on which any order or act of the Court rests.

An order for sequestration was entered May 31, 1866, and thereupon, the writ of sequestration having been issued, the sheriff returned that he had summoned Richard G. Hayes, personally, to answer what rights and credits may be in his hands. At the ensuing September Term, Richard G. Hayes appeared and made answer by affidavit admitting the indebtedness to the defendant upon a mortgage given by deponent to the heirs and representatives of John Hayes, Sr., which became payable on the death of the widow of John Hayes, Sr., and of which the share of John Hayes, Jr., the defendant, was $787,92.

Upon this answer, it was ordered that Richard G. Hayes should pay the sum into Court, with interest added thereto up to the day of the deposit, and that a compliance with the order should be a discharge to him of liability, on said mortgage, to the defendant, for such sum as should be so deposited.

Note. The order for sequestration entered in this case was as follows:—
" And, now, to-wit, this 31st day of May, A. D. 1866, upon motion of *George B.*
" *Rodney Esq.*, Solicitor for the Complainant, it appearing to the Chancellor by
" the record of this cause, that John Hayes, Jr., the defendant, is in contempt
" by reason of his non-performance of the decree of the Chancellor made on
" the 19th day of February. A. D. 1857, and that the attachment issued against
" him to compel the performance of said decree has been ineffectual, It is, there-
" upon, now ordered that all the lands, tenements and hereditaments of the said
" John Hayes, Jr., and the rents, issues and profits thereof, and all and singular
" his goods, chattels, rights, credits and personal estate whatsoever, be seques-
" tered ; and that a writ of sequestration be issued, directed to the Sheriff of
" New Castle County, *commanding him to enter upon all the lands, tenements*
" *and hereditaments of the said John Hayes, Jr., in his bailiwick, and to col-*
" *lect, take and receive the rents, issues and profits thereof, and all his goods,*
" *chattels and personal estate, and to sequester all his rights and credits whatso-*
" *ever, and summon the persons in whose hands such rights and credits may be,*
" *to appear in this Court and declare what rights and credits of the said John*
" *Hayes, Jr. are in their hands respectively.* And it is further ordered that all

Forms of proceeeding.

"persons having in their hands or possession any lands, tenements, heredi-"taments, rents, issues, profits, goods, chattels, rights, credits or personal estate " of the said John Hayes, Jr., or who are indebted to him, be, and they are " hereby enjoined from delivering or paying to him or to his order, the same or " any of them, or from applying the same to his use, on pain of contempt."

The writ directed to the Sheriff of the County recited the fact that the order was made and the title of the cause, and then proceeded to command the Sheriff in the language of the order, using so much thereof, as is above printed in italics, and continued with the direction to the Sheriff, " that you " keep the same under sequestration in your hands, until the said John Hayes, " Jr. shall have fully performed the decree of the Chancellor made in the said " cause on the 19th day of February, A. D. 1857, or until the further order of "the said Court," concluding with the usual direction to make return.

The order of the Court upon the answer of the debtor was as follows:— " And now, to wit, this tenth day of October, A. D. 1866, Richard G. Hayes " having been, pursuant to the writ of sequestration issued in this cause, sum-" moned to answer what rights and credits of the said John Hayes, Jr. were in " his hands, and the said Richard G. Hayes having voluntarily appeared in " this Court and by his declaration in writing under oath, filed, in this cause, " answered that he is indebted to the said John Hayes, Jr., in the sum of Seven " Hundred and Eighty-seven dollars and Ninety-two cents, with interest from " 29th day of April, A. D. 1865, that being the said John Hayes, Jr's share " of a certain mortgage given by the said Richard G. Hayes to the heirs and " legal representatives of John Hayes, Sr., and the said Richard G. Hayes hav-" ing submitted himself to the order of this court touching the disposal of the " said sum of money : It is, thereupon, Ordered by the Chancellor that the " said Richard G. Hayes do deposit to the credit of the Court of Chancery in " the Farmers' Bank at New Castle, the aforesaid sum of money, with interest " added thereto, calculated up to the day of depositing the same, and that he "take a certificate of such deposit and file the same in this Court; and a com-" pliance with this order shall be a discharge to said Richard G. Hayes of " liability upon the said mortgage to the said John Hayes for such sum as " shall be deposited."

As to form of order for sequestration made upon the defendant's refusal to deliver to a receiver goods, money, books, vouchers, securities, &c., see *Lovett vs. Rogers*, cited 3. *Hoff. Ch. Pr.* 127.